ORIGINAL

CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Craig A. Harbaugh (Bar No. 194309)
(E-Mail: Craig_Harbaugh@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-4740
Facsimile: (213) 894-0081

Attorneys for Defendant
GINA MICHELLE BISIGNANO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | Case No. 21-MJ-0282 |
|---|---|
| Plaintiff, | **EMERGENCY *EX PARTE* APPLICATION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER AND REQUEST FOR STATUS CONFERENCE** |
| v. | |
| GINA MICHELLE BISIGNANO, | |
| Defendant. | |

Defendant Gina Michelle Bisignano, through her counsel of record, Deputy Federal Public Defender Craig A. Harbaugh, hereby applies to this Honorable Court requesting that the Court order compliance with its release order and setting of an immediate status conference.

This *Ex Parte* Application is based upon the attached memorandum of points and authorities, exhibits, and all files and records in this matter.

                Respectfully submitted,

                CUAUHTEMOC ORTEGA
                Federal Public Defender

DATED: January 21, 2021  By */s/ Craig A. Harbaugh*
                CRAIG A. HARBAUGH
                Deputy Federal Public Defender
                Counsel for Gina Michelle Bisignano

# INTRODUCTION

Even in times of civil unrest, the Government cannot dispense with basic due process. Unfortunately, in its zeal to challenge the Court's order, the Government disregarded Ms. Bisginano's fundamental rights.

The Court emphatically denied the Government's request to stay the Court's forthwith release order. Undeterred, the Government sought a stay of the Court's order in the District of Columbia. But the Government only obtained its stay order *after* Ms. Bisignano had already been released. At that point, there was nothing to be stayed. Further, the Government sought an immediate transportation order even though Ms. Bisignano has an absolute right to a preliminary hearing in this district --- a right she did not waive. Worst of all, as Ms. Bisignano appeared at the Roybal Courthouse to post the cash bond, she was arrested by United States Marshals without an arrest warrant.[1]

The Government attempted to circumvent this Court's authority by enforcing orders that were clearly unenforceable. A stay order issued after a release has occurred is automatically moot. But even if the order could somehow be enforced under these circumstances, the Government was still obligated to seek another arrest warrant; the original arrest warrant had already been executed and discharged and could not be used again. Tellingly, the Government also believed they needed another warrant because they applied for one in the District of Columbia --- and apparently never received that second warrant. Finally, the immediate "transportation order," cannot be enforced when Ms. Bisgnano has not been afforded all of the rights she is entitled to in this

---

[1] Despite multiple requests, Government counsel has refused to confirm whether it obtained an arrest warrant. Nevertheless, based upon information and belief, the Government lacked an arrest warrant prior to taking Ms. Bisignano into custody on January 20, 2021.

1 district. Because the preliminary hearing is still outstanding, the Marshals cannot
2 transport her anywhere.
3       Accordingly, the defense asks the Court to order the Government to comply with
4 the Court's release order.

## PROCEDURAL HISTORY[2]

6 January 19, 2021: Ms. Bisignano has her initial appearance in the Central District of
7 California. Ms. Bisignano had been charged by criminal complaint in the District of
8 Columbia. The Government sought Ms. Bisignano's detention. After hearing
9 argument from both parties, the Court granted Ms. Bisginano's release subject to a
10 number of conditions. Over the Government's objection, the Court ordered Ms.
11 Bisignano's forthwith release. The Government sought a stay of the Court's order to
12 pursue an appeal in the District of Columbia. The Court denied the Government's
13 request as well.
14       During the hearing, Ms. Bisignano only waived her rights to an identity hearing
15 and arrival of process. Ms. Bisignano asserted her right to a preliminary hearing. The
16 Court schedule a preliminary hearing for February 4, 2021
17       At or about 6:00 p.m.: the United States Marshals released Ms. Bisginano from
18 custody pursuant to the Court's release order.
19       6:55 p.m.: Assistant United States William Rollins notifies the Court and
20 defense that United States District Judge Beryl A. Howell granted the Government's
21 request for an emergency stay and review order of the Court's release order. According
22 to the stay-and-review order, the Government engaged in ex parte communications with
23 Judge Howell via email in seeking this request. The defense was neither notified that
24 this ex parte communication would take place nor provided a copy of the
25 communications between the Government and Judge Howell prior to his issuance of the
26 order (or at any time after the fact).

---

[2] Unless otherwise noted, the facts are based upon the attached declaration of counsel. Exhibit A.

3

7:30 p.m.: AUSA Rollins notifies the Court and the defense that Judge Howell granted the Government's request for a transport order "forthwtith" despite a pending preliminary hearing in this district. According to the transport order, the Government engaged in ex parte communications with Judge Howell via email in seeking this request. The defense was neither notified that this ex parte communication would take place nor provided a copy of the communications between the Government and Judge Howell prior to his issuance of the order (or at any time after the fact).

January 20, 2021:

12:30 p.m.: AUSA Rollins provides defense counsel with a copy of an application and proposed order seeking an arrest warrant for Ms. Bisignano and represents that the Government intends to file this pleading before the United States District Court in the District of Columbia.

1:00 p.m.: Ms. Bisignano arrives at the Roybal Federal Building to post the $20,000 cash bond, as required by the conditions of her release. When Ms. Bisignano arrives, she is forcibly placed into handcuffs. Ms. Bisignano's friend, Nirosha Peltier, requested a copy of an arrest warrant but was told that they did not have the paperwork. Ex. B. Declaration of Nirosha Peltier.

Despite repeated requests, the Government has refused to provide a copy of any second or subsequent arrest warrant issued in the District of Columbia or to even confirm whether a new arrest warrant had been issued. Based upon information and belief, the Government did not obtain an arrest warrant prior to re-arresting Ms. Bisignano.

## ARGUMENT

I.   A Stay of a Release Order Issued After Release is Moot

It is axiomatic that an "action is moot because the activities sought to be enjoined have already occurred and can no longer be prevented." *United States v. Evans*, 62 F.3d 1233, 1237 (9th Cir.1995). Here, the Government obtained a stay *after* Ms. Bisignano was released from custody. At that point, there was nothing for the

4

Government to stay. The challenged action (release) had already occurred. The stay order was moot the moment it was issued because Ms. Bisignano had already been released from custody. By the same token, a stay order cannot reverse the action sought.

Indeed, the Government's repeated request for a stay before this Court demonstrates that it could not obtain one after the fact. While the Government was able to communicate ex parte with Judge Howell after the hearing and convince the court there to grant a stay, it was already too late.

## II. The Government Could Not Rearrest Ms. Bisignano Without Another Warrant

The procedures governing release or detention following an arrest are set forth in 18 U.S.C.A. § 3142. Section 3142 addresses all facets of pretrial detention and release, including release upon the defendant's own recognizance, release subject to conditions, temporary detention and permanent detention. No where in the scheme does it contemplate a rearrest on the original arrest warrant after release has been granted.

Based upon information and belief, the Government failed to obtain another arrest warrant prior to taking Ms. Bisignano back into custody. Federal Rule of Criminal Procedure Rule 4 sets forth the necessary steps for the execution of an arrest warrant. The rule states, in pertinent part, that "Upon arrest, an officer possessing the original or a duplicate original warrant must show it to the defendant. If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the original or a duplicate original warrant to the defendant as soon as possible.
Fed. R. Crim. P. 4. According to Ms. Peltier, the law enforcement officers did not provide Ms. Bisignano with an arrest warrant at the time she was handcuffed and taken into custody. Nor has the Government, despite repeated requests, produced an arrest warrant issued by the United States District Court from the District of Columbia.

Because the Government lacked any authority to rearrest, the Government's conduct was unconstitutional.

### III. The District Court of Columbia Exceeded Its Authority to Issue a Forthwith Transfer Order Before Ms. Basignano Exercised Her Right to Preliminary Hearing in this District

The Federal Rules of Criminal Procedure Rule 5(3) guarantee certain rights to defendants arrested in a district other than where the defendant is charged. One of those rights is to a preliminary hearing. Fed. R. Crim. Pro. R. 5(c)(3)(C). Because Ms. Bisignano did not waive her right to have a preliminary hearing in this district, Judge Howell had no authority to order her transfer to the District of Columbia (assuming he has that authority at all).

## CONCLUSION

For the foregoing reasons, the defense requests that the Court order the Government to comply with the Court's release order or, in the alternative, order a status conference to resolve the matter.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: January 21, 2021           By /s/ *Craig A. Harbaugh*
CRAIG A. HARBAUGH
Deputy Federal Public Defender
Counsel for Gina Michelle Bisignano

## DECLARATION OF CRAIG A. HARBAUGH

1. I am a Deputy Federal Public Defender and I have been appointed to represent Gina Bisignano in the above matter.

2. On January 19, 2021, Ms. Bisignano initially appeared before this Court. At the hearing, the Court ordered Ms. Bisignano's forthwith release. The Government opposed and moved for a stay to permit filing of an appeal of the Court's release order in the District of Columbia. The Court denied the Government's request.

3. After the hearing, Ms. Bisignano was released. Ms. Bisignano did not waive her right to a preliminary hearing and the Court scheduled a preliminary hearing in this district for February 4, 2021.

4. Sometime after Ms. Bisignano's release, at approximately 6:55 p.m., the Government notified the defense and Court that the United States District Judge Howell issued a stay and review of the Court's release order.

5. Soon after, the Government notified the defense and Court that the United States District Judge Howell had issued a forthwith transport order for Ms. Bisignano to be transferred to the District of Columbia. The defense does not anticipate any further continuances.

6. At approximately 12:30 p.m., the Government sent an email, with a pleading and proposed order attached, indicating that it intended to seek an arrest warrant from Judge Howell.

7. At approximately 1:00 p.m. on January 20, 2021, law enforcement agents arrested Ms. Bisignano when she arrived to the Roybal Federal building to post the $20,000 cash bond with the clerk's office.

8. Despite several requests, the Government has refused to provide or even confirm that the Government obtained a subsequent arrest warrant prior to taking Ms. Bisignano into custody a second time.

9. Prior to filing this pleading, I sought the Government position via email regarding the instant application. AUSA Rollins represented that the Government opposed the sought relief.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated: January 21, 2021             /S/ Craig A. Harbaugh
                                    Craig A. Harbaugh

**EXHIBIT A**

## DECLARATION OF NIROSHA PELTIER

I, Nirosha Peltier, declare:

1. On January 20, 2021, I was with Gina Bisignano. That day, Ms. Bisignano and I drove to the bank to obtain a cashier's check in the amount of $20,000. The purpose of our trip was to post the cash bond that was required pursuant to Ms. Bisignano's conditions of release. After we obtained the check, we drove to the Roybal Federal Building in Los Angeles, California.

2. We arrived at the Roybal Federal Building in the early afternoon, approximately 1:00 p.m. I needed to park the car so Ms. Bisignano went into the building without me to go to the clerk's office to post the bond.

3. When I entered the Roybal building approximately five minutes later, I went through the security screening checkpoint. I asked the security guards where IS the clerk's office. I was informed to go to the third floor.

4. When I arrived on the third floor, I observed two individuals I believed to be United States Marshals placing Ms. Bisignano in handcuffs. I protested with them and said, "She is supposed to post the bond, not to be surrendered." The Marshals responded something to the effect, "No, she has to be taken into custody and that there was a warrant for her arrest." I asked them for a copy of the warrant and they told me that they did not have the paperwork.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 21, 2021 at Los Angeles, California.

*Nirosha Peltier*
NIROSHA PELTIER

1