ORIGINAL

1  CUAUHTEMOC ORTEGA (Bar No. 257443)
   Federal Public Defender
2  Craig A. Harbaugh (Bar No. 194309)
   (E-Mail: Craig_Harbaugh@fd.org)
3  Deputy Federal Public Defender
   321 East 2nd Street
4  Los Angeles, California 90012-4202
   Telephone: (213) 894-4740
5  Facsimile: (213) 894-0081

6  Attorneys for Defendant
   GINA MICHELLE BISIGNANO
7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION

11
   UNITED STATES OF AMERICA,          Case No. 21-MJ-0282
12
              Plaintiff,              **[PROPOSED] ORDER**
13
         v.
14
   GINA MICHELLE BISIGNANO,
15
              Defendant.
16

17        GOOD CAUSE HAVING BEEN SHOWN, IT IS HEREBY ORDERED that the

18 Government, including the United States Marshals Service, shall comply with the

19 Court's release order dated January 19, 2021 and immediately release Ms. Bisignano

20 from custody.

21

22 DATED: January ____, 2021        _____

23                                 HON. JOHN E. McDERMOTT
                                   United States Magistrate Judge
24

25 Presented by:

26  *Craig Harbaugh*                 .
27 CRAIG HARBAUGH

28

Deputy Federal Public Defender

## INTRODUCTION

Even in times of civil unrest, the Government cannot dispense with basic due process. Unfortunately, in its zeal to challenge the Court's order, the Government disregarded Ms. Bisginano's fundamental rights.

The Court emphatically denied the Government's request to stay the Court's forthwith release order. Undeterred, the Government sought a stay of the Court's order in the District of Columbia. But the Government only obtained its stay order *after* Ms. Bisignano had already been released. At that point, there was nothing to be stayed. Further, the Government sought an immediate transportation order even though Ms. Bisignano has an absolute right to a preliminary hearing in this district --- a right she did not waive. Worst of all, as Ms. Bisignano appeared at the Roybal Courthouse to post the cash bond, she was arrested by United States Marshals without an arrest warrant.[1]

The Government attempted to circumvent this Court's authority by enforcing orders that were clearly unenforceable. A stay order issued after a release has occurred is automatically moot. But even if the order could somehow be enforced under these circumstances, the Government was still obligated to seek another arrest warrant; the original arrest warrant had already been executed and discharged and could not be used again. Tellingly, the Government also believed they needed another warrant because they applied for one in the District of Columbia --- and apparently never received that second warrant. Finally, the immediate "transportation order," cannot be enforced when Ms. Bisgnano has not been afforded all of the rights she is entitled to in this

---

[1] Despite multiple requests, Government counsel has refused to confirm whether it obtained an arrest warrant. Nevertheless, based upon information and belief, the Government lacked an arrest warrant prior to taking Ms. Bisignano into custody on January 20, 2021.

2

district.  Because the preliminary hearing is still outstanding, the Marshals cannot transport her anywhere.

Accordingly, the defense asks the Court to order the Government to comply with the Court's release order.

## PROCEDURAL HISTORY[2]

January 19, 2021:  Ms. Bisignano has her initial appearance in the Central District of California.  Ms. Bisignano had been charged by criminal complaint in the District of Columbia.  The Government sought Ms. Bisignano's detention.  After hearing argument from both parties, the Court granted Ms. Bisiginano's release subject to a number of conditions.  Over the Government's objection, the Court ordered Ms. Bisignano's forthwith release.  The Government sought a stay of the Court's order to pursue an appeal in the District of Columbia.  The Court denied the Government's request as well.

During the hearing, Ms. Bisignano only waived her rights to an identity hearing and arrival of process.  Ms. Bisignano asserted her right to a preliminary hearing.  The Court schedule a preliminary hearing for February 4, 2021

At or about 6:00 p.m.: the United States Marshals released Ms. Bisignano from custody pursuant to the Court's release order.

6:55 p.m.:  Assistant United States William Rollins notifies the Court and defense that United States District Judge Beryl A. Howell granted the Government's request for an emergency stay and review order of the Court's release order.  According to the stay-and-review order, the Government engaged in ex parte communications with Judge Howell via email in seeking this request.  The defense was neither notified that this ex parte communication would take place nor provided a copy of the communications between the Government and Judge Howell prior to his issuance of the order (or at any time after the fact).

---

[2] Unless otherwise noted, the facts are based upon the attached declaration of counsel. Exhibit A.

3

7:30 p.m.:  AUSA Rollins notifies the Court and the defense that Judge Howell granted the Government's request for a transport order "forthwtith" despite a pending preliminary hearing in this district.  According to the transport order, the Government engaged in ex parte communications with Judge Howell via email in seeking this request.  The defense was neither notified that this ex parte communication would take place nor provided a copy of the communications between the Government and Judge Howell prior to his issuance of the order (or at any time after the fact).

January 20, 2021:

12:30 p.m.:  AUSA Rollins provides defense counsel with a copy of an application and proposed order seeking an arrest warrant for Ms. Bisignano and represents that the Government intends to file this pleading before the United States District Court in the District of Columbia.

1:00 p.m.:  Ms. Bisignano arrives at the Roybal Federal Building to post the $20,000 cash bond, as required by the conditions of her release.  When Ms. Bisignano arrives, she is forcibly placed into handcuffs.  Ms. Bisignano's friend, Nirosha Peltier, requested a copy of an arrest warrant but was told that they did not have the paperwork.  Ex. B. Declaration of Nirosha Peltier.

Despite repeated requests, the Government has refused to provide a copy of any second or subsequent arrest warrant issued in the District of Columbia or to even confirm whether a new arrest warrant had been issued.  Based upon information and belief, the Government did not obtain an arrest warrant prior to re-arresting Ms. Bisignano.

## ARGUMENT

I.    A Stay of a Release Order Issued After Release is Moot

It is axiomatic that an "action is moot because the activities sought to be enjoined have already occurred and can no longer be prevented."  United States v. Evans, 62 F.3d 1233, 1237 (9th Cir.1995).  Here, the Government obtained a stay *after* Ms. Bisignano was released from custody.  At that point, there was nothing for the

4

Government to stay.  The challenged action (release) had already occurred.  The stay order was moot the moment it was issued because Ms. Bisignano had already been released from custody.  By the same token, a stay order cannot reverse the action sought.

Indeed, the Government's repeated request for a stay before this Court demonstrates that it could not obtain one after the fact.  While the Government was able to communicate ex parte with Judge Howell after the hearing and convince the court there to grant a stay, it was already too late.

## II.  The Government Could Not Rearrest Ms. Bisignano Without Another Warrant

The procedures governing release or detention following an arrest are set forth in 18 U.S.C.A. § 3142.  Section 3142 addresses all facets of pretrial detention and release, including release upon the defendant's own recognizance, release subject to conditions, temporary detention and permanent detention.  No where in the scheme does it contemplate a rearrest on the original arrest warrant after release has been granted.

Based upon information and belief, the Government failed to obtain another arrest warrant prior to taking Ms. Bisignano back into custody.  Federal Rule of Criminal Procedure Rule 4 sets forth the necessary steps for the execution of an arrest warrant.  The rule states, in pertinent part, that "Upon arrest, an officer possessing the original or a duplicate original warrant must show it to the defendant. If the officer does not possess the warrant, the officer must inform the defendant of the warrant's existence and of the offense charged and, at the defendant's request, must show the original or a duplicate original warrant to the defendant as soon as possible. Fed. R. Crim. P. 4.  According to Ms. Peltier, the law enforcement officers did not provide Ms. Bisignano with an arrest warrant at the time she was handcuffed and taken into custody.  Nor has the Government, despite repeated requests, produced an arrest warrant issued by the United States District Court from the District of Columbia.

5

1   Because the Government lacked any authority to rearrest, the Government's conduct
2   was unconstitutional.

3   **III.    The District Court of Columbia Exceeded Its Authority to Issue a Forthwith Transfer Order Before Ms. Basignano Exercised Her Right to Preliminary Hearing in this District**

5       The Federal Rules of Criminal Procedure Rule 5(3) guarantee certain rights to
6   defendants arrested in a district other than where the defendant is charged.  One of
7   those rights is to a preliminary hearing.  Fed. R. Crim. Pro. R. 5(c)(3)(C).  Because Ms.
8   Bisignano did not waive her right to have a preliminary hearing in this district, Judge
9   Howell had no authority to order her transfer to the District of Columbia (assuming he
10  has that authority at all).

                              **CONCLUSION**

12      For the foregoing reasons, the defense requests that the Court order the
13  Government to comply with the Court's release order or, in the alternative, order a
14  status conference to resolve the matter.

                              Respectfully submitted,

                              CUAUHTEMOC ORTEGA
                              Federal Public Defender

19  DATED:  January 21, 2021      By */s/ Craig A. Harbaugh*
                              CRAIG A. HARBAUGH
                              Deputy Federal Public Defender
                              Counsel for Gina Michelle Bisignano

## DECLARATION OF CRAIG A. HARBAUGH

1.      I am a Deputy Federal Public Defender and I have been appointed to represent Gina Bisignano in the above matter.

2.      On January 19, 2021, Ms. Bisignano initially appeared before this Court. At the hearing, the Court ordered Ms. Bisignano's forthwith release.  The Government opposed and moved for a stay to permit filing of an appeal of the Court's release order in the District of Columbia.  The Court denied the Government's request.

3.      After the hearing, Ms. Bisignano was released.  Ms. Bisignano did not waive her right to a preliminary hearing and the Court scheduled a preliminary hearing in this district for February 4, 2021.

4.      Sometime after Ms. Bisignano's release, at approximately 6:55 p.m., the Government notified the defense and Court that the United States District Judge Howell issued a stay and review of the Court's release order.

5.      Soon after, the Government notified the defense and Court that the United States District Judge Howell had issued a forthwith transport order for Ms. Bisignano to be transferred to the District of Columbia.  The defense does not anticipate any further continuances.

6.      At approximately 12:30 p.m., the Government sent an email, with a pleading and proposed order attached, indicating that it intended to seek an arrest warrant from Judge Howell.

7.      At approximately 1:00 p.m. on January 20, 2021, law enforcement agents arrested Ms. Bisignano when she arrived to the Roybal Federal building to post the $20,000 cash bond with the clerk's office.

8.      Despite several requests, the Government has refused to provide or even confirm that the Government obtained a subsequent arrest warrant prior to taking Ms. Bisignano into custody a second time.

7

9.    Prior to filing this pleading, I sought the Government position via email regarding the instant application.  AUSA Rollins represented that the Government opposed the sought relief.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.

Dated:  January 21, 2021              */S/ Craig A. Harbaugh*

                                                    Craig A. Harbaugh